IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERICA EDISON,<br>Plaintiff,<br><br>vs.<br><br>12 CROWN CAPITAL, LLC, DBA<br>RENT 2 OWN HQ HOUSTON,<br>Defendant. | §<br>§<br>§  CIVIL ACTION NO. 4:20-cv-1217<br>§<br>§<br>§<br>§<br>§ |

## MOTION FOR DEFAULT JUDGMENT

Plaintiff Erica Edison ("Plaintiff") respectfully moves this Honorable Court for an Order of Default Judgment against Defendant, 12 Crown Capital, LLC dba Rent 2 Own HQ Houston ("Defendant"), as provided by Rule 55(b) of the Federal Rules of Civil Procedure. In support thereof, Plaintiff states:

1. This is a case arising from Subsection E of the Truth in Lending Act ("TILA"), the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 et seq. ("Regulation M").

2. On April 6, 2020, Plaintiff filed her complaint against Defendant. Doc. 1.

3. On April 30, 2020, Plaintiff served her complaint on Defendant. Doc. 6.

4. Thereafter, Defendant failed to file an answer, and on June 22, 2020, the Clerk of this Court entered a default against Defendant. Doc. 8.

5. Defendant is neither an infant, nor an incompetent person, within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure.

6. Defendant is not currently serving in the military as defined in the Servicemembers Civil Relief Act.

## Statement of the issues

Issue #1: Whether Defendant violated 15 U.S.C. § 1667a(2) and 12 C.F.R. § 1013.4(b) when it failed to accurately disclose the "Amount Due at Lease Signing or Delivery" to Plaintiff.

Issue #2: Whether Plaintiff is entitled to receive statutory damages and the amount of statutory damages to be awarded to Plaintiff against Defendant pursuant to 15 U.S.C. § 1640(a)(2).

Issue #3: Whether Plaintiff is entitled to recover her attorney's fees and the amount of attorney's fees to be awarded to Plaintiff against Defendant pursuant to 15 U.S.C. § 1640(a)(3).

## Argument & Authorities

7. "The TILA "has been found uniformly to be remedial in nature and thereby liberally and broadly construed in favor of the consumer." *Travis v. Trust Co. Bank*, 621 F.2d 148, 151 (5th Cir. 1980); *Gallegos v. Stokes*, 593 F.2d 372, 376 (10th Cir. 1979); *see Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009); *Gardner & N. Roofing & Siding Corp. v. Bd. of Governors of Fed. Reserve Sys.*, 464 F.2d 838, 841 (D.C. Cir. 1972).

8. The TILA is strictly enforced, and absolute compliance is necessary. *In re Porter*, 961 F.2d 1066, 1078 (3d Cir. 1992) ("A creditor who fails to comply with TILA in any respect is liable to the consumer under the statute regardless of the nature of the violation or the creditor's intent."); *Mars v. Spartanburg Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th Cir. 1983) ("To insure that the consumer is protected, as Congress envisioned, requires that the provisions of the Act and the regulations implementing it be absolutely complied with and strictly enforced."); *Grant v. Imperial Motors*, 539 F.2d 506, 510 (5th Cir. 1976) ("[O]nce the court finds a violation, no matter how technical, it has no discretion with respect to the imposition of liability."); *see also Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525, 529 (7th Cir. 2007); *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 801 (6th Cir. 1996); *Semar v. Platte Valley Fed. Sav. & Loan*

*Ass'n*, 791 F.2d 699, 704 (9th Cir. 1986); *Zamarippa v. Cy's Car Sales, Inc.*, 674 F.2d 877, 879 (11th Cir. 1982).

9. "[S]trict interpretation of the TILA has largely been responsible for the TILA's success in achieving widespread compliance with its requirements." *In re Brown*, 106 B.R. 852, 857 (Bankr. E.D. Pa. 1989). Indeed, without strict compliance, the TILA's goals of standardized uniform disclosures would quickly be eroded. *See Reneau v. Mossy Motors*, 622 F.2d 192, 195 (5th Cir. 1980) ("The technical requirements of the TILA and Regulation Z must be strictly enforced if standardization of terms, permitting meaningful comparisons of available credit by consumers, is to be achieved.").

10. Creditors must make TILA disclosures "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17. If a creditor's disclosure is susceptible to more than one "plausible" interpretation, the creditor has not complied with the TILA. *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006); *In re Porter*, 961 F.2d 1066, 1077 (3d Cir. 1992).

11. This is because the "TILA neither requires nor encourages borrowers to guess or to assume that a disclosure has a particular meaning." *Wright v. Tower Loan of Mississippi, Inc.*, 679 F.2d 436, 445 (5th Cir. 1982); *see also Pennino v. Morris Kirschman & Co.*, 526 F.2d 367, 372 (5th Cir. 1976) ("This court . . . is bound by the intent of Congress to eliminate the necessity of assumptions on the part of the consumer.").

12. The clarity of a creditor's disclosure is question of law, determined on an "ordinary consumer" standard. *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006); *Smith v. Cash Store Mgmt., Inc.*, 195 F.3d 325, 327–28 (7th Cir. 1999); *Edmondson v. Allen–Russell Ford, Inc.*, 577 F.2d 291, 296 (5th Cir. 1978). Because this standard is objective, what a

given consumer knows or does not know is immaterial when evaluating a creditor's TILA disclosures. *See Purtle*, 91 F.3d at 800; *Semar*, 791 F.2d 699, 704 (citing *Huff v. Stewart-Gwinn Furniture Co.*, 713 F.2d 67, 69 (4th Cir.1983)).

13. "Passed by Congress as an amendment to the Truth In Lending Act [], the CLA purports 'to assure a meaningful disclosure' of personal property lease terms to 'enable the lessee to compare more readily the various lease terms available to him [and] limit balloon payments in consumer leasing.'" *Gaydos v. Huntington Nat. Bank*, 941 F. Supp. 669, 672 (N.D. Ohio 1996) (quoting 15 U.S.C. § 1601(b)).

14. As one district court recognized, "Congress enacted the CLA as an amendment to the [Truth in Lending Act] and [thereby] extended the TILA's 'credit disclosure requirements to consumer leases.'" *Clement v. Am. Honda Fin. Corp.*, 145 F. Supp. 2d 206, 209 (D. Conn. 2001) (*quoting Turner v. Gen. Motors Acceptance Corp.*, 180 F.3d 451, 454 (2d Cir. 1999)).

15. The CLA's primary purpose is to:

> "assure a meaningful disclosure of the terms of leases . . . so as to enable the lessee to compare more readily the various lease terms available to him." 15 U.S.C. § 1601(b). Because lease financing had become recognized as an alternative to credit financing and installment sales contracts, Congress also intended CLA disclosure requirements to "enable comparison of lease terms with credit terms where appropriate." Id. The CLA thus requires lessors of personal property subject to its provisions to make specified disclosures when a lease is entered into. See 15 U.S.C. § 1667a (consumer lease disclosures).

*Turner*, 180 F.3d at 454.

16. Accordingly, the TILA's "strict liability standard attaches to violations of CLA disclosure requirements as well." *Gaydos*, 941 F. Supp. at 672.

17. Also important, "[t]he TILA reflects a transition in congressional policy from a philosophy of 'Let the buyer beware' to one of 'Let the seller disclose.'" *Layell v. Home Loan &*

*Inv. Bank, F.S.B.*, 244 B.R. 345, 350 (E.D. Va. 1999) (*quoting Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 377 (1973)).

18. And given the CLA's enactment within the same statutory structure, this philosophy applies with equal force to the CLA and Regulation M.

19. In order to prevail on her CLA claim, Plaintiff must show: (1) that Defendant is a "lessor" as defined by the CLA; (2) that Defendant entered into a consumer lease with Plaintiff; and (3) that Defendant failed to accurately disclose the "Amount Due at Lease Signing or Delivery" to Plaintiff as required by the CLA. 15 U.S.C. § 1667d(a).

### **Defendant violated § 1667a(2) of the CLA.**

20. Defendant's failure to answer Plaintiff's complaint constitutes an admission of the facts alleged therein. Fed. R. Civ. P. 8(b)(6).

21. Accordingly, by its failure to answer, Defendant has admitted that: "At all relevant times, Defendant, regularly engaged in leasing, offering to lease, or arranging to lease under a consumer lease. Doc. 1 at ¶ 19.

22. Therefore, Defendant is a "lessor" as defined by the CLA. *See* 15 U.S.C. § 1667(3) (defining lessor as a person who is regularly engaged in leasing, offering to lease, or arranging to lease under a consumer lease).

23. Defendant has also admitted that it entered into the lease agreement attached to Plaintiff's complaint as Exhibit A. *See* Doc. 1 at ¶¶ 22-23; Doc. 1-1.

24. The agreement leased a vehicle to plaintiff for a period exceeding four months. Doc. 1-1.

25. Plaintiff leased the vehicle for her own personal, family, and household use. Doc. 1 at ¶ 21.

26. Therefore, the agreement is a consumer lease within the ambit of 15 U.S.C. § 1667(1).

27. Defendant has also admitted that the CLA disclosures it provided to Plaintiff an "Amount Due at lease Signing or Delivery" of $3,400.00 and a total of payments of $12,100.00. Doc. 1 at ¶ 26.

28. Defendant has also admitted that contrary to the CLA disclosure statement, Plaintiff did not pay $3,400.00 at the time she signed the lease and took delivery of the Vehicle and that in reality, Plaintiff only paid $1,500.00 at the time she signed the lease and took delivery of the Vehicle. *Id.* at ¶¶ 29-30.

29. The CLA requires lessors to disclose to lessees "[t]he amount of any payment by the lessee required at the inception of the lease." 15 U.S.C. § 1667a(2). Similarly, Regulation M, the CLA's implementing regulation, requires lessors to disclose to lessees, "[t]he total amount to be paid prior to or at consummation or by delivery, if delivery occurs after consummation, using the term "amount due at lease signing or delivery." 12 C.F.R. § 1013.4(b).

30. Defendant's "Amount Due at Lease Signing or Delivery" disclosure overstates the actual "Amount Due at Lease Signing or Delivery" by $1,900.00, and therefore violates 15 U.S.C. § 1667a(2) as well as Regulation M, 12 C.F.R. § 1013.4(b).

**Plaintiff is entitled to statutory damages in the amount of $2,000.**

31. "TILA is a private attorneys general statute enacted to 'penalize noncomplying creditors and deter future violations.' " *Lea v. Buy Direct, L.L.C.*, 755 F.3d 250, 254 (5th Cir. 2014) (quoting *Davis v. Werne*, 673 F.2d 866, 869 (5th Cir. 1982)). "Plaintiffs recover 'even if they have not sustained any actual damages, or even if the creditors are guilty of only minute deviations from the requirements of TILA.' " *Id.*

32. Damages under TILA and CLA are fixed by statute.

33. The CLA provides: "Any lessor who fails to comply with any requirement imposed under section 1667a or 1667b of this title with respect to any person is liable to such person as provided in section 1640 of [the TILA]." 15 U.S.C. § 1667d.

34. Section 1640 of the TILA provides damages "in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $200 nor greater than $2,000." 15 U.S.C. § 1640(a)(2)(A)(i).

35. Here, the total of monthly payments is $12,100.00. Doc. 1-1. Twenty-five percent of the total calculates to $3,025. Therefore, Plaintiff is entitled to damages in the amount of $2,000.00.

### Plaintiff is entitled to her attorney's fees in the amount of $3,000.00.

36. An award of attorney's fees to a prevailing Plaintiff is mandatory under 15 U.S.C. § 1640(a)(3). *Stutzka v. McCarville*, 243 F. App'x 195, 197 (8th Cir. 2007) ("an award of fees is mandatory once a TILA violation has been established"); *Harris v. Schonbrun*, --- F.3d ----, 2014 WL 6957937, at *4 (11th Cir. Dec. 10, 2014) ("An award of statutory damages, attorney's fees, and costs is mandatory"); *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 802 (6th Cir. 1996) (discussing "the mandatory nature of the award of attorney's fees under the TILA"); *de Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 233 (1st Cir. 1990) ("The language in section 1640(a) unequivocally entitles a successful Truth–in–Lending plaintiff to an award of attorney's fees"); *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 703 (9th Cir. 1986) ("attorney's fees are mandatory").

37. Awards of reasonable attorney's fees under federal statutes that include fee-shifting provisions "are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera,* 477 U.S. 561, 576 (1986); *see also Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 802 (6th Cir. 1996) ("The attorney's fees are not limited by the amount of Purtle's recovery.").

38. Here, Plaintiff requests attorney's fees in the amount of $3,000.00 based on the affidavit of counsel, Russell S. Thompson, IV.

Accordingly, Plaintiff moves for default judgment against Defendant in the amount of $5,480.00, comprising statutory damages in the amount of $2,000.00 in accordance with 15 U.S.C. § 1640(a)(2), $3,000.00 in reasonable attorney's fees and court costs in the amount of $480.00 in accordance with 15 U.S.C. § 1640(a)(3).

Dated: May 22, 2020

                                                  Respectfully submitted,

                                                  <u>s/ Russell S. Thompson, IV</u>
                                                  Russell S. Thompson, IV
                                                  Southern District Bar # 1572841
                                                  Thompson Consumer Law Group, PC
                                                  5235 E. Southern Ave., D106-618
                                                  Mesa, AZ 85206
                                                  Telephone: (602) 388-8898
                                                  Facsimile: (866) 317-2674
                                                  rthompson@ThompsonConsumerLaw.com

                                                  Attorneys for Plaintiff

## CERTIFICATE OF FILING

    I certify that on July 14, 2020, I electronically filed the foregoing Motion for Default Judgment with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court. Pursuant to LR. 5.5, copy of the foregoing was mailed on July 14, 2020 to defendant through certified U.S. Mail, return receipt requested as follows:

    12 Crown Capital, LLC
    c/o Michael Schiro
    8000 IH 10 W., Ste. 600
    San Antonio, T 78230

                                                                         s/ Russell S. Thompson, IV
                                                                         Russell S. Thompson, IV