**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ERICA EDISON, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:20-cv-1217 |
| vs. | § | |
| | § | |
| 12 CROWN CAPITAL, LLC, DBA | § | |
| RENT 2 OWN HQ HOUSTON, | § | |
| Defendant. | § | |

**DECLARATION OF RUSSELL S. THOMPSON, IV IN**
**SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I, Russell S. Thompson, IV, state as follows:

1.      I am competent to testify in a court of law and if called to do so would testify as specified herein.

2.  I am one of Plaintiff's attorneys in this matter and was retained to represent Plaintiff in claims pursuant to Subsection E of the Truth in Lending Act ("TILA"), the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

3.      Despite being served, Defendant has not answered the Complaint or otherwise appeared to defend this action.

4.      Defendant's failure to answer the instant complaint constitutes an acquiescence to the merits of the Complaint and that Plaintiff has prevailed herein.

5.      Pursuant to the CLA, Plaintiff is entitled to statutory damages in the amount of 25 per centum of the total amount of monthly payments under the lease, attorney fees and court costs if Plaintiff prevails.  15 U.S.C. § 1640(a).

6.      Defendant is neither a minor nor an incompetent person nor serving on active duty in the United States military.

7.      As a matter of firm policy, each attorney or paralegal that works on a file enters their time spent with a brief but reasonably detailed description of the task performed into our firm's computer database, Amicus Attorney, in the ordinary course of business contemporaneously with the task being performed.  I have reviewed the time incurred by each attorney and paralegal, and find that the time was reasonable and necessary.  Using billing discretion, the reasonable amount of attorney's fees sought in this matter is $3,000.00.  These fees were actually incurred in the prosecution of this action, and it was reasonable and necessary to do so.

8.      I am requesting that Plaintiff be awarded $480.00 in costs for filing Plaintiff's complaint and for service by a private process server.  These costs were actually incurred, and it was reasonable and necessary to incur these costs in the course of the successful prosecution of this case.  The costs are allowable by Rule 54 and 28 U.S.C. § 1920.

9.      The requested attorneys' fees and costs were reasonable and necessary based upon the amount and substantive nature of the rights at issue in this lawsuit, the quality of the firm performing the legal work, the character and difficulty of the work to be done, the work actually performed by the law firm on behalf of Plaintiff, and the results obtained by the firm in representing Plaintiff, as well as those elements which courts find appropriate in awarding attorneys' fees.

10.     Further, the attorneys' fees set forth hereinabove are consistent with the general billing practice of my firm in performing services for other clients of a similar nature.

11.     Additionally, counsel's billing rates have been found to be reasonable by courts around the country. *See Bea-Mone v. Silverstein*, No. 817CV00550JLSDFM, 2019 WL 762676, at \*4 (C.D. Cal. Feb. 20, 2019) (finding billing rates between $350 - $400 for attorneys and $135 for paralegals reasonable in FDCPA action); *Boseman v. Prestige Auto Sales, Inc.*, No. 3:16-CV-0728, 2018 WL 1697785, at \*2 (M.D. Tenn. Apr. 6, 2018) (finding billing rates of $350 - $400 for attorneys, and $135 for paralegals reasonable, and finding counsel's billing practices to be reasonable); *Jordan v. Freedom Nat'l Ins. Servs. Inc.*, No. CV-16-00362-PHX-DLR, 2017 WL 10185526, at \*2 (D. Ariz. July 20, 2017) (finding plaintiff's counsel's billing rates and hours reasonable); *Hicks v. GTC Auto Sales, Inc.*, No. 4:16-CV-00011-O, 2016 WL 11480194, at \*3 (N.D. Tex. June 9, 2016) (finding hourly rates between $250 - $400 for attorneys to be reasonable in consumer law case); *Christopher v. RJM Acquisitions LLC*, No. CV-13-02274-PHX-JAT, 2015 WL 3960163, at \*2 (D. Ariz. June 30, 2015) (concluding that the "attorney rates at $300.00 an hour, $250.00 an hour, and $175.00 an hour for three different attorneys and $135.00 an hour for non-attorney staff" were reasonable).

12.     I certify and declare under penalty of perjury that the foregoing is true and correct.

Dated: May 22, 2020

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Southern District Bar # 1572841
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff

## CERTIFICATE OF FILING

I certify that on July 14, 2020, I electronically filed the foregoing Declaration of Russell S. Thompson, IV in support of Plaintiff's Motion for Default Judgment with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court. Pursuant to LR. 5.5, copy of the foregoing was mailed on July 14, 2020 to defendant through certified U.S. Mail, return receipt requested as follows:

12 Crown Capital, LLC
c/o Michael Schiro
8000 IH 10 W., Ste. 600
San Antonio, T 78230

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
